Shira M. Blank
Epstein Becker & Green, P.C.
875 Third Avenue
New York, New York 10022
Sblank@ebglaw.com
*Attorney for Defendant*
*Quest Diagnostics Incorporated*

UNITED STATES U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN FERRANTE,<br><br>Plaintiff,<br><br>-against-<br><br>QUEST DIAGNOSTICS INCORPORATED,<br><br>Defendant. | Civ. Action No. 26-CV-<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that defendant Quest Diagnostics Incorporated ("Quest") by and through its undersigned counsel hereby removes Civil Action Index No. 529120/2026 from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1446, based on the following:

**BACKGROUND**

1. On August 4, 2026, Plaintiff Jean Ferrante instituted an action against Quest in the Supreme Court of the State of New York, County of Kings, styled *Jean Ferrante v. Quest Diagnostics Incorporated*, Civil Action Index No. 529120/2026 ("State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as Exhibit ("Ex.") A (hereinafter "Complaint").

3. As of August 24, 2026, no motions or other papers have been filed, or are pending, in the State Court Action.

4. Quest has not answered, moved or otherwise responded to the Complaint.

5. In the Complaint, Plaintiff alleges that Quest violated New York State Human Rights Law, N.Y. Exec. Law § 296(2)(a), and New York City Human Rights Law, N.Y.C. Admin. Code §8-107(4)(a)(1)(a). Specifically, Plaintiff asserts that she was subjected to discrimination on the basis of her gender, sex, and gender identity (which she identifies as female), when Quest's employees allegedly misgendered her and failed to correctly designate her gender as female on "patient records."

**BASIS FOR REMOVAL**

6. The State Court Action is removable from the Supreme Court of the State of New York, Kings County to this Court pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff and Quest, and based upon Plaintiff's allegations in the Complaint, the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

7. According to the Complaint, Plaintiff is a citizen of the State of New York. See Ex. A at ¶ 12.

8. Quest is a citizen of the State of Delaware. See Ex. A at ¶ 13.

9. In the Complaint, Plaintiff alleges discrimination on the basis of her sex, gender, and gender identity. While she does not specify the monetary amount that she seeks, according to the Complaint, she seeks compensatory and punitive damages under the New York State Human Rights Law and New York City Human Rights Law. She further seeks damages for alleged economic loss and emotional distress, attorneys' fees and costs of suit. Based upon the nature of the damages Plaintiff seeks, the amount in controversy is in excess of $75,000, and it cannot be

stated as a legal certainty that the value of Plaintiff's claims are below that amount. 28 U.S.C. § 1332(a).

10. In sum, Plaintiff is a citizen of New York, whereas Quest is a citizen of Delaware. As such, Plaintiff's citizenship is diverse from the citizenship of every defendant, and this Court has original jurisdiction under 28 U.S.C. § 1332 based on a complete diversity of citizenship. Moreover, the amount in controversy exceeds $75,000, thereby rendering the action subject to removal under 28 U.S.C. § 1441.

**TIMELINESS OF REMOVAL**

11. The removal of this action is timely because it was accomplished within 30 days of the date on which Plaintiff served Quest with a copy of the Complaint. 28 U.S.C. § 1446(b). The time for Quest to answer has not expired.

**VENUE**

12. Under 28 U.S.C. § 1446(a), the United States District Court for the Eastern District of New York is the proper venue for removal because it embraces the place where this action is pending. 28 U.S.C. §§ 1441(a) and 1446(a).

**PROCEDURAL COMPLIANCE**

13. Written notice of the filing of this Notice of Removal will be served on Plaintiff's counsel and a copy of this Notice will be filed with the Clerk of the Supreme Court of New York, Kings County, as required by 28 U.S.C. § 1446(d).

**MISCELLANEOUS ISSUES**

14. By filing this Notice of Removal, Quest does not waive any defenses that may be available to it, including, but not limited to, the right to assert any defenses and/or objections to which it may be entitled.

WHEREFORE, Quest hereby removes the above-captioned action now pending in the State Supreme Court of the State of New York, County of Kings.

Dated: New York, New York
August 24, 2026

EPSTEIN BECKER & GREEN, P.C.

By: *__/s/ Shira M. Blank, Esq.__*
Shira M. Blank
Epstein Becker & Green, P.C.
875 Third Avenue
New York, New York 10022
Sblank@ebglaw.com
*Attorney for Defendant*
*Quest Diagnostic Incorporated*